UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JENNIFER A. NOVISKI,

                        Plaintiff,            07 CIV 8288 (CLB)(MDF)

                                                  REPORT AND RECOMMENDATION

        -against-

CARDINAL HEALTH, INC.,

                        Defendant.
---------------------------------------------------------------X
TO: THE HONORABLE CHARLES L. BRIEANT, U.S.D.J.

      Plaintiff, Jennifer A. Noviski, proceeds *pro se* in this employment discrimination action against her former employer, Defendant Cardinal Health, Inc., pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges that Cardinal Health failed to accommodate her during her pregnancy.

      Now before me is Cardinal Health's Rule 12(b)(6) motion to dismiss, which seeks to dismiss this case based on Plaintiff's failure to file the complaint within 90 days of her receipt of a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). For the reasons that follow, I respectfully recommend that the motion to dismiss be granted.

## **BACKGROUND**

**A.**     **Employment History**

      Plaintiff attaches to her complaint a narrative dated November 4, 2006, in which she makes the following allegations. Plaintiff was employed by Cardinal Health from July 7, 2003, through August 10, 2006, and also worked as a "temporary associate" from December 7, 2002, through July 6, 2003. In May, 2004, Plaintiff was in a car accident. When she returned to work

following the accident, her position at Cardinal Health changed from "valvelink associate" to "orderfill associate."

At Cardinal Health, Plaintiff worked up to six days a week, volunteered to work on holidays, and "always did [her] job with 110% effort." Based on the "Distribution Person Job Description" that Plaintiff attaches to her complaint, it appears that Plaintiff's regular job duties required her to stand, stoop, kneel, crouch, crawl and lift or move up to 25 pounds, and occasionally lift or move up to 70 pounds. *See* Compl., Ex. A.

In January, 2006, when Plaintiff learned she was pregnant, she informed human resources at Cardinal Health. At this time, Plaintiff was restricted by her doctor from working more than eight hours per day or lifting more than 20 pounds, and, as a result, was placed in a position called "witron," where she worked at a computer station.

In February, 2006, Plaintiff was instructed to take disability leave. When she asked why, she was told that her working restrictions could no longer be accommodated. Nevertheless, Cardinal Health continued to employ two other pregnant women who were offered accommodations that allowed them to continue working.

On August 10, 2006, Plaintiff's employment was terminated because, as she explains, due to a "26 week rule," her short-term disability would turn into long-term disability.[1] Cardinal Health informed Plaintiff that she would be hired back if a position needed to be filled.

Plaintiff's son was born on September 21, 2006. On November 6, 2006, Plaintiff's doctor advised that she could return to work. Despite leaving three messages for her employer

---

[1] Plaintiff submits that she was ultimately denied long-term disability when she was 35 weeks pregnant.

and providing a letter from her doctor stating that she could return to work, Plaintiff did not receive an offer to return to Cardinal Health.

**B.     Procedural History**

In August, 2006, Plaintiff filed a charge with the EEOC regarding Cardinal Health's allegedly discriminatory conduct. Compl. ¶ 10. Plaintiff reports that she received a right to sue letter from the EEOC on May 17, 2007, *id.* ¶ 12, even though this letter, which is attached to her complaint, is "dated mailed" on May 17, 2007. The right to sue letter provides that Plaintiff would have 90 days from receipt thereof to file a lawsuit.

Plaintiff's complaint was received by the *pro se* office of this Court on August 22, 2007, and her request to proceed *in forma pauperis* was granted on September 21, 2007. The complaint was filed with the Court on September 24, 2007.

## DISCUSSION

**A.     Statute of Limitations**

A plaintiff alleging employment discrimination under Title VII must file her complaint in federal court within 90 calendar days of receiving notice of the right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 145-46 (2d Cir. 1984); *Hicks v. N.Y.C. Dept. of Sanitation*, No. 96 Civ. 1238, 1998 WL 419433, at *1 (S.D.N.Y. July 22, 1998). "While the 90-day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" *Johnson*, 731 F.2d at 146 (quoting *Rice v. New England College*, 676 F.2d 9, 11 (1st Cir. 1982)). Even where the plaintiff proceeds *pro se*, failure to commence an action within the statutory 90-day period is grounds for dismissal. *See Sanchez v. Nat'l Cleaning Co.*, 11 F. Supp.

2d 453, 455 (S.D.N.Y. 1998) (dismissing *pro se* complaint filed 92 days after receipt of EEOC right to sue letter); *Connell v. J.P. Morgan Inv. Mgmt., Inc.*, No. 93 Civ. 5940, 1994 WL 132148, at *5 (S.D.N.Y. Apr. 12, 1994) ("While the Court is sympathetic to the plaintiff's *pro se* status and the fact that he missed the [90-day] deadline [for filing his Title VII claim] by only two days, such considerations alone do not justify the exercise of this Court's equitable powers.")

Here, Plaintiff states in her complaint that she received a right to sue letter from the EEOC on May 17, 2007, the same day it was mailed to her. Compl. ¶ 12. Giving Plaintiff the benefit of Rule 6(e) and assuming that she actually received the letter three days later, *see, e.g.*, *Davidson v. Lynch*, No. 95 Civ. 9071, 1998 WL 205350, at *1 (S.D.N.Y. Apr. 27, 1998), Plaintiff was required to file her complaint by August 20, 2007.[2]

Plaintiff's complaint was ultimately filed on September 24, 2007, after she was permitted to proceed *in forma pauperis*. However, for purposes of determining timeliness under Title VII, at least where *in forma pauperis* relief is granted, the Court looks to the date the complaint was received by the *pro se* office. *Davidson*, 1998 WL 205350, at *1 n.1 (citing *Toliver v. County of Sullivan*, 841 F.2d 41, 42 (2d Cir. 1988) (*per curiam*); *Fletcher v. Runyon*, 980 F. Supp. 720, 721 (S.D.N.Y. 1997)). Here, the complaint is stamped as received by the *pro se* office on August 22, 2007, two days after the expiration of the limitations period. The filing, therefore, is untimely.

---

[2] Because three days after May 17, 2007, is Sunday, May 20, 2007, Plaintiff is presumed to have received her right to sue letter on Monday, May 21, 2007. *See* Fed.R.Civ.P. 6(a); *Felder v. Securticus Sec. Servs.*, No. 04 Civ. 9501, 2005 WL 2998267, at *3 (S.D.N.Y. Oct. 31, 2005). Likewise, 90 calendar days after May 21, 2007, is Sunday, August 19, 2007. Thus, Plaintiff had until Monday, August 20, 2007, to file her complaint.

**B.     Equitable Tolling**

Equitable tolling is only appropriate "in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations, internal alterations and quotations omitted). The Second Circuit has found equitable tolling of the 90-day limitations period for filing federal employment discrimination claims appropriate under circumstances such as:

> (1) where the plaintiff actively pursued judicial remedies but filed a defective pleading during the statutory period;
> (2) where the plaintiff was unaware of her cause of action, or was induced or tricked into allowing the filing deadline to pass, due to misleading conduct by the defendant;
> (3) where the plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion;
> (4) where the court has led the plaintiff to believe that she had done all that was required of her;
> (5) where the plaintiff received inadequate notice; and
> (6) where a motion for appointment of counsel is pending.

*See Zerilli-Edelglass*, 333 F.3d at 80 (citations omitted); *Jones v. City of New York Dept. of Hous., Pres. and Dev.*, No. 01 Civ. 10619, 2002 WL 1339099, at *2 (S.D.N.Y. June 18, 2002) (citing *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11-12 (2d Cir. 1994)).

Here, in response to Cardinal Health's motion to dismiss, Plaintiff submitted a letter addressed to the *pro se* office (Docket No. 8),[3] in which she states that she was contacted by the court and asked why her papers were not turned in. Because Plaintiff does not specify when she was contacted, or whether the papers she refers to relate to her filing the complaint or opposing

---

[3] Plaintiff's letter responds to Cardinal Health's motion to dismiss, which was filed on January 17, 2008. It appears, therefore, that Plaintiff incorrectly dated her letter February 2, 2007, instead of February 2, 2008.

the motion to dismiss,[4] her letter is difficult to follow.

Nevertheless, Plaintiff makes two statements in her letter which suggest that she understood the limitations period as stated in her right to sue letter from the EEOC, even if she was confused over whether this period also applied to her time to respond to the motion to dismiss. Plaintiff states, "I thought I had ninety days from the time the letter was sent out to me," and, "[y]es, I understand Cardinal Health's attorney's side. I was informed though that I had ninety days from receiving the letter." The right to sue letter, moreover, very clearly provides, "[y]our lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." EEOC letter, May 17, 2007 (emphasis in original).

While Plaintiff's letter also maintains that she received some direction from the court (presumably, the *pro se* office) on when she needed to file certain papers, that direction, as she explains, led Plaintiff to believe that she had *not* done all that was required of her. The circumstances under which the Circuit has recognized an equitable basis for tolling the limitations period are exactly the opposite – that is, where the court has led the plaintiff to believe that she *had* done all that was required of her. *See Jones*, 2002 WL 1339099, at *2.

Accordingly, I see no recognized equitable consideration for tolling the limitations period in this case.

---

[4] Notably, any statement regarding Plaintiff's response to the motion to dismiss would be of no moment to her untimely filing of the complaint. *See*, *e.g.*, *Connell*, 1994 WL 132148, at *3 ("As a preliminary matter, any statements the Pro Se Office allegedly made after the ninety-day period had expired and after plaintiff sent in his complaint are irrelevant for purposes of equitable tolling.").

## CONCLUSION

Understandably, Plaintiff does not want her case dismissed based on statute of limitations grounds alone. In the absence of a recognized equitable basis for tolling the limitations period, however, I must recommend that the complaint be dismissed. Should Plaintiff have any further equitable grounds for this Court to consider, she will have the opportunity, as explained below, to provide the Court with those grounds in any objections she might file with Your Honor in response to this Report and Recommendation.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of thirteen (13) working days (*see* Fed. R. Civ. P. 6(a)), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Charles L. Brieant, at the United States Courthouse, 300 Quarropas Street, Room 275, White Plains, New York, 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Brieant. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1992), *cert. denied*, 506 U.S. 1038 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Brieant and should not be made to the undersigned.

IT IS SO ORDERED.

Dated: March 3l, 2008
White Plains, New York

               Respectfully submitted,

               _____
               MARK D. FOX
               UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been sent to the following:

The Honorable Charles L. Brieant, U.S.D.J.

Jennifer A. Noviski
14 Grove Street
Walden, New York 12586

Jeffrey M. Rosin
Foley & Lardner LLP
111 Huntington Avenue
Boston, Massachusetts 02199